# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00219-CV

### N. M., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

### FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
### NO. 18-1038, DAVID JUNKIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

N.M. appeals from the trial court's order terminating her parental rights to her two children. *See* Tex. Fam. Code § 161.001. After a bench trial, which included expert-witness testimony as required by the Indian Child Welfare Act, *see* 25 U.S.C. § 1912(f), the trial court rendered judgment finding by clear and convincing evidence that termination was in the children's best interests, *see* Tex. Fam. Code § 161.001(b)(2), and finding beyond a reasonable doubt that (a) N.M. had engaged in conduct constituting statutory grounds for terminating her rights, *see id.* § 161.001(b)(1)(D), (E), (N), (O), and (b) N.M.'s continued custody of the children is likely to result in serious emotional or physical damage to the children, *see* 25 U.S.C. §1912(f).

Appellant's court-appointed counsel has filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the

defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). Appellant's counsel has certified to this Court that he has provided N.M. with a copy of the *Anders* brief and informed her of her right to examine the entire appellate record and file a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, waiving its right to file an appellee's brief unless requested by this Court or as needed to respond to any pro se brief filed by appellant. To date, no pro se brief has been filed.

We have conducted a full examination of all of the proceedings to determine whether the appeal is wholly frivolous, as we must when presented with an *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have specifically reviewed the trial court's findings as to N.M. under parts (D) and (E) of Family Code § 161.001(b)(1), and we have found no non-frivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (holding that "due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under section 161.001(b)(1)(D) or (E) of the Family Code"). After reviewing the record and the *Anders* brief, we find nothing in the record that would arguably support N.M.'s appeal. We agree with appellant's counsel that the appeal is frivolous and without merit. Accordingly, we

2

affirm the trial court's order terminating the parental rights of N.M.  We deny counsel's motion

to withdraw.[1]


_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed:   August 28, 2020

---

[1] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam). Accordingly, counsel's obligations to N.M. have not yet been discharged. *See id.*  If after consulting with counsel appellant desires to file a petition for review, her counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*